IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN HUDKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:13-cv-1179-SEB-TAB |
| ) | |
| CITY OF INDIANAPOLIS and ) | |
| T. MICHAEL WILSON in his official and ) | |
| individual Capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF'S OBJECTION TO DOCKET ENTRY 70**

Comes now the Plaintiff, Brain Hudkins, by and through counsel of record, Scott L. Barnhart of Keffer Barnhart LLP and pursuant to Rule 72(a) of the FEDERAL RULES OF CIVIL PROCEDURE, hereby objects to Docket Entry 70, Magistrate Judge McVicker Lynch's Order granting in part the Defendants' Motion to Quash and requests this Court to set aside that Order as it relates to Chief Hite and the Plaintiff's request to depose him and allow the Plaintiff to depose Chief Richard Hite.

**INTRODUCTION**

The Plaintiff served a Notice of Deposition via U.S. Postal Service on June 30, 2014, to depose IMPD Chief Richard Hite who had reviewed and commented on a video depicting the Plaintiff's arrest and Officer T. Michael Wilson's actions as part of a news interview. The Defendants' moved to quash Chief Hite's deposition as well the Plaintiff's requests for

documents that may have included communications between Chief Hite and his staff.[1]  (D.E. 45). The Plaintiff responded in opposition to that Motion on August 22, 2014, asserting that Chief Hite's "personal and unique knowledge, not only as an IMPD policy maker, but as one of the first investigators of this matter, cannot be obtained through any other individual".  (D.E. 46, pg. 3).  However, on November 26, 2014, Magistrate Judge McVicker Lynch issued an order granting in part the Defendants' Motion to Quash.  (D.E. 70).

The portion of the Order granting the Defendants' Motion to Quash appeared to focus on the notion that, "[i]f a high-level government official were required to sit for deposition in every case in which his office has played some role, the official constantly could be sitting for depositions rather than attending to his government functions."  (D.E., pg. 6).  It stated further that, "there is no indication at this point that Chief Hite is the best source of information regarding IMPD's investigation into Officer Wilson's actions of decision-making regarding disciplinary consequences to Officer Wilson because of prior actions or because of the events surrounding the use of force, arrest, and prosecution as to Mr. Hudkins."  (D.E. 70, pg. 7). However, in light of the facts and law presented, the Order granting in part the Defendants' Motion to Quash was clearly erroneous and contrary to law.

## LEGAL STANDARD

FEDERAL RULE OF CIVIL PROCEDURE 72(a) allows for parties to serve and file objections to a magistrate judge's order on a non-dispositive issue within fourteen (14) days of the order. Pursuant to that Rule, the district judge must modify or set aside the order if it is clearly

---

[1] It remains unclear whether documents like those requested in the Plaintiff's Request for Production of Documents exist.  However, this Court ordered those documents produced to the Plaintiff on or before December 10, 2014, but at the time of filing, the Defendants have not complied with that Order or participated in any communication as to when they intend to (D.E. 70).

erroneous or is contrary to the law.  In matters under Rule 72(a), the clearly erroneous standard allows for an order to be modified or overturned if the district judge is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.,* 126 F.3d 926 (7th Cir. 1997).

## ARGUMENT

The Order grating in part the Defendants' Motion to Quash has overlooked and discounted both the Plaintiff's factual contentions regarding Chief Hite's personal and unique role in this matter and the limited nature of the protections against deposing of high-level government officials.  As such, the Plaintiff should be granted the ability to depose Chief Hite regarding his statements made during a television interview concerning the need for an "immediate investigation" of Officer T. Michael Wilson's actions during the Plaintiff's arrest.

While the Order states that the Plaintiff's factual allegations are germane to this discovery dispute, it overlooks certain facts that are important to this issue.  (D.E. 70, pg. 2).  In his response, the Plaintiff specifically points out that IMPD was provided with a copy of the video of the Plaintiff's arrest on or about February 27, 2013, in his Notice of Tort Claim.  However, it appears as though no substantive investigation occurred into Officer T. Michael Wilson's actions until Chief Hite called for an "immediate investigation" during his interview with WISH-TV 8, approximately eleven (11) months after his office initially received the video.  As such, Chief Hite necessarily has to have personal knowledge of the investigation into Officer T. Michael Wilson's actions, as he was apparently the first person to determine that an investigation was necessary.  Chief Hite is in a unique position where only he can explain why he initiated an immediate investigation when his own staff had failed to do so in the previous eleven (11) months.  Further, Chief Hite is the best person that can testify as to the specific

policies, customs, and practices that allowed him, as Chief of Police, to order an immediate investigation after only three views of a video that his staff had had eleven (11) months to review, but had apparently seen no need to investigate. Further, Chief Hite in in the unique position of having personal knowledge of the rarity or frequency he has participated in and/or ordered an immediate investigation of an officer.

However, despite the clear and unique personal knowledge that Chief Hite possessed, the Order specifically states:

> The fact that Chief Hite ordered an investigation because the video depicted events he believed required investigation provides no basis for believing that Chief Hite has unique or special knowledge not reasonably obtainable from other sources about…(d) the investigation conducted by IMPD regarding Officer Wilson's actions; or (e) IMPD's or the City's customs policies, and practices for training and disciplining law enforcement officers…It is unlikely that Chief Hite is the only IMPD official who can speak knowledgeably – and bind the City – about the City's policies for the training and discipline of law enforcement officers generally. And there is no indication at this point that Chief Hite is the best source of information regarding IMPD's investigation into Officer Wilson's actions or decision-making regarding disciplinary consequences to Officer Wilson because of prior actions or because of the events surrounding the use of force, arrest, and prosecution as to Mr. Hudkins.

(D.E. 70, pg. 6-7).

The Plaintiff has demonstrated that Chief Hite not only has personal knowledge of the investigation of Officer T. Michael Wilson's actions, which is directly relevant to the Plaintiff's *Monell* and state law claims, but also that his knowledge is unique and unobtainable from any other individual.

Second, the Order appears to protect Chief Hite from deposition, as he is a high-level official. Specifically, the Order states, "[i]f a high-level government official were required to sit for deposition in every case in which his office had played some role, the official constantly

could be sitting for depositions rather than attending to his government functions." (D.E. 70, pg. 6). However, as presented in the Plaintiff's response, high-ranking officials may be deposed if the "party seeking the deposition[] [] demonstrate[s] that the particular official's testimony will likely lead to the discovery of admissible evidence and is essential to that party's case." *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994).

      Finally, the Order failed to acknowledge or address the Plaintiff's argument concerning Chief Hite's waiver of any deliberative process privileges he may have had. "Where an authorized disclosure is voluntarily made []…the government waives any claim that the information is exempt from disclosure under the deliberative process privilege." *Howard v. City of Chicago*, 2006WL2331096, 7 (N.D. Ill. 2006) (*citing Shell Oil Co. v. IRS*, 722 F.Supp. 202, 209 (D.Del. 1991)). Here, Chief Hite purposefully put his thoughts and knowledge regarding the Plaintiff's arrest and Officer T. Michael Wilson's actions into public discourse. He also put his top two investigative officials and the beginning of the investigatory process on display. Therefore, Chief Hite waived any privilege he may have had by giving his statements on this case to the media. As demonstrated in the arguments above, Chief Hite has personal and unique knowledge of the investigation of this matter and the specific practices, customs, and policies which are essential to the Plaintiff's *Monell* and state law claims.[2]

## CONCLUSION

      In his response, the Plaintiff stated the specific reasons and legal authority as to why he should be able to depose Chief Hite. However, the Order overlooked the Plaintiff's factual contentions as well as the limited scope of privilege granted to high-level government officials.

---

[2] The Plaintiff incorporates by reference all arguments he made in D.E. 46.

As such, the Order is clearly erroneous and contrary to law and this Court should deny in whole the Defendants' Motion to Quash.

Respectfully Submitted,

/s/ Scott L. Barnhart
Scott L. Barnhart, #25474-82
Keffer Barnhart LLP
230 East Ohio Street, Suite 600
Indianapolis, Indiana 46204
T: (317) 857-0160
F: (855) 641-5311

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of this Court on this 10th day of December, 2014. A copy has been served through ECF to counsel of record listed below:

Beth Garrison
Pamela G. Schneeman
Office of Corporation Counsel
Eric.sanders@indy.gov
Beth.Garrison@indy.gov
pamela.schneeman@indy.gov

John Kautzman
Ruckelshaus Kautzman Blackwell Bemis & Hasbrook
jfk@rucklaw.com

/s/ Scott L. Barnhart
Scott L. Barnhart, #25474-82

Keffer Barnhart LLP
230 East Ohio Street, Suite 600
Indianapolis, Indiana 46204
Barnhart@KBindy.com